[ECF No. 160]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALKEM LABORATORIES LTD. et al., <br><br> Defendants. | Civil No. 23-2939 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the motion of Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV (collectively, "Plaintiffs") [ECF No. 160] for an order striking portions of Defendants Sandoz Inc. and Hikma Pharmaceuticals USA Inc.'s (collectively, "Defendants") May 2, 2025 Opening Expert Report of Nuri B. Farber, M.D. ("Farber Report") [ECF No. 161-2]. The Court received Defendants' opposition [ECF No. 170], Plaintiffs' reply [ECF No. 172], and Defendants' sur-reply [ECF No. 175].[1] The Court exercises its discretion to

---

[1] Defendants requested leave to file a proposed sur-reply to address alleged misstatements and new arguments raised in Plaintiffs' reply. *See* ECF No. 174. Plaintiffs do not oppose the request but otherwise object to the alleged bases underlying it. *See* ECF No. 176. The parties subsequently wrote regarding supplemental authority. *See* ECF Nos. 177, 178. Accordingly, the Court grants Defendants' request and will consider the foregoing submissions in the interests of fairness. The Court will not, however, consider any portion of any filing that exceeds the permissible scope of argument. *See Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (citation omitted) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."); *see also SmithKline Beecham PLC v. Teva Pharms. USA, Inc.*, Nos. 04-215, 05-536, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007) ("Principles regarding reply briefs also apply to sur-reply briefs.").

decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, Plaintiffs' motion is **DENIED**.

I. <u>**BACKGROUND**</u>

This is a Hatch-Waxman action arising out of applications by Defendants seeking approval to market generic versions of Spravato®, an intranasal esketamine hydrochloride drug product.[2] Plaintiffs initiated the action against Defendants asserting infringement of U.S. Patents Nos. 10,869,844 (the "844 Patent"), 11,173,134 (the "134 Patent"), 11,311,500 (the "500 Patent") (collectively, the "Caers Patents").[3] Defendants assert that the Caers Patents are invalid. Pursuant to the Court's Local Patent Rules, the parties exchanged invalidity and infringement contentions during late 2023 and early 2024. Fact discovery closed on February 13, 2025. The parties are currently engaged in expert discovery.

On May 2, 2025, Defendants served the Farber Report. *See* Pls.' Mem. at 1, ECF No. 161. Plaintiffs contend it contains several invalidity theories and prior-art references concerning the Caers patents that Defendants failed to disclose in their Invalidity Contentions, ECF No. 161-1. *See id.* at 1–6. Specifically, Plaintiffs contend that the following portions of the Farber Report were not properly disclosed: (1) Dr. Farber's theory that the dose amounts required by the asserted claims of the Caers Patents are presumptively obvious because they fall within a prior art dose range such that a person of ordinary skill in the art ("POSA") could use routine optimization to get to the claimed doses; (2) Dr. Farber's reliance on two references—aan het Rot and Singh—to argue

---

[2] Plaintiffs filed three independent actions on May 30, 2025 against: Alkem Laboratories, Inc. and Ascend Laboratories, LLC, 1:23-cv-02939; Hikma Pharmaceuticals USA Inc., 1:23-cv-02942; and Sandoz Inc., 1:23-cv-02943. Ascend Laboratories, LLC was dismissed without prejudice from the instant action by stipulation and order on June 16, 2023. ECF No. 8. Thereafter, all three cases were consolidated under the instant action by stipulation and order. ECF No. 54.

[3] Plaintiffs also asserted infringement of U.S. Patent No. 11,446,260, but that particular patent is not a subject of the present motion. *See* Pls.' Mem. at 1, n.1.

the dosing duration and frequency (the "dosing schedule") in the induction and maintenance phases of the claimed methods of treatment are obvious; (3) Dr. Farber's opinion that the dosing schedule of the claimed methods would have been obvious to a POSA based on teachings about the timing and frequency of electroconvulsive therapy ("ECT"), as well as his reliance on several references in support of this opinion; and (4) Dr. Farber's opinion that the asserted claims of the Caers Patents are invalid for lack of written description under 35 U.S.C. § 112 because the specification allegedly does not sufficiently describe certain claim elements. *See id.* at 10–36. As such, Plaintiffs request that the Court strike these portions of the Farber Report and preclude Defendants from relying on them in this litigation.

Defendants reject Plaintiffs' contentions and request the motion be denied in its entirety. *See* Defs.' Opp'n at 1, ECF No. 170. As a threshold matter, they contend Plaintiffs' motion must be denied for failing to address controlling Third Circuit precedent—namely, the *Pennypack* factors. *See id.* at 3 n.5 (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977)). In this regard, they argue Plaintiffs have not suffered any prejudice, while also noting that the word itself does not appear in Plaintiffs' opening brief. *See id.* at 4. They further argue that the alleged "new disclosures" will not disrupt trial, were not raised in bad faith, and that this evidence is important to their defense. *See id.* at 5.

Defendants otherwise allege Plaintiffs' arguments are without merit. To start, Defendants allege that the first contested theory is "well-established black letter law," which is not required to be disclosed in invalidity contentions. *Id.* at 5–8. Next, they contest Plaintiffs' interpretation of Local Patent Rule 3.3(c) and allege that it does not apply to Dr. Farber's reliance on the aan het Rot and Singh references. *See id.* at 14. Alternatively, Defendants allege that these two references were disclosed throughout their Invalidity Contentions and that Plaintiffs' responses reveal they

3

were aware of Defendants' reliance on them. *See id.* at 14–21. As to the third item, they assert that there is no new ECT theory or reliance on undisclosed references. Defendants argue that Dr. Farber properly relies on background references and his own professional experience to explain his views on motivation as it pertains to the claimed dosing schedule. *See id.* at 25–28. Finally, Defendants assert that there are no new section 112 theories and that this portion of the motion is inconsistent with Plaintiffs' prior representations to the Court. *See id.* at 28–30.

In reply, Plaintiffs dispute the applicability of the *Pennypack* factors. *See* Pls.' Reply at 1, ECF No. 172. They cite to a string of Federal Circuit cases affirming "the rejection of undisclosed theories" under the Local Patent Rules "without citing *Pennypack*" as proof of its inapplicability. *Id.* at 2–3 (citing cases). Thus, Plaintiffs maintain "[t]here is no need for the Court to address the *Pennypack* factors here." *Id.* at 3. Because the remainder of Plaintiffs' reply consists of arguments that were not previously raised in their initial brief or are otherwise immaterial to the disposition of their motion, there is no need for the Court to address them here.[4] *See supra* note 1.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Local Patent Rule 3.3, each party opposing an assertion of patent infringement must serve on all parties its "Invalidity Contentions," which shall contain, *inter alia*, the following information: (a) the "identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious;" (b) "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;" (c) "a chart identifying where specifically in each alleged item of prior art each limitation of each asserted

---

[4] The Court also finds it not necessary to address Defendants' sur-reply or the parties' letters regarding supplemental authority, since any further discussion will have no meaningful impact on the disposition of the motion.

claim is found;" and (d) "a detailed explanation of the bases for the asserted grounds" of invalidity based on enablement or written description under 35 U.S.C. § 112.

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *TFH Publ'ns, Inc. v. Doskocil Mfg. Co., Inc.*, 705 F. Supp. 2d 361, 365 (D.N.J. 2010) (citation omitted). "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* at 365–66 (citation omitted). Notably, the rules are silent as to a remedy for noncompliance. *See Taro Pharm. Indus. Ltd. v. Novitium Pharma, LLC*, No. 19-01028, 2020 WL 1673045, at *10 n.4 (D.N.J. Apr. 6, 2020). Nevertheless, as with all local rules, the Local Patent Rules "supplement the Federal Rules . . . and are applicable in all proceedings when not inconsistent therewith." L. CIV. R. 1.1(a). Accordingly, courts may impose any just sanction for failure to comply. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (citing FED. R. CIV. P. 16(f), 37(b)).

In determining whether to strike an expert opinion based on untimely disclosure, courts in the Third Circuit apply the *Pennypack* factors. *See Azurity Pharms., Inc. v. Amneal Pharms. LLC*, No. 21-8717, 2023 WL 2817367, at *3 (D.N.J. Jan. 9, 2023) (citation omitted); *Otsuka Pharm. Co. v. Torrent Pharms. Ltd., Inc.*, 133 F. Supp. 3d 721, 729 n.11 (D.N.J. 2015) (citations omitted). These factors include: "(1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence." *Azurity*, 2023 WL 2817367, at *3 (citing *Pennypack*,

5

559 F.2d at 904–05). "The importance of the evidence is often the most significant factor." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citations omitted).

"[E]xclusion of critical evidence is an 'extreme' sanction." *Id.* at 297 (citations omitted). As such, this form of sanction is employed sparingly. *See generally ABB Air Preheater, Inc. v. Regenerative Env't Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) (citations omitted) ("Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence."). "The burden . . . falls on the moving party to establish that exclusion is the most appropriate remedy." *Accurso v. Infra-Red Servs., Inc.*, 169 F. Supp. 3d 612, 615 (E.D. Pa. 2016) (citations omitted); *c.f. Otsuka*, 133 F. Supp. 3d at 730–31 (denying, in part, the plaintiff's motion to strike "new opinions" of a defense expert because the moving party failed to "demonstrate a sufficient showing of prejudice under the *Pennypack* factors").

**B. Analysis**

The Court finds that, contrary to Plaintiffs' position, the *Pennypack* factors apply to the instant motion. Therefore, Plaintiffs' utter failure to address these factors to any degree in their motion warrants its denial. Apart from the conspicuous absence of any citation or reference to *Pennypack* or its progeny, the Court must note that Plaintiffs' motion brief is also devoid of the word "prejudice," a significant point of analysis under two of the five factors. Consequently, the Court finds that Plaintiffs forfeited any attempt to argue that the *Pennypack* factors weigh in favor of striking the challenged portions of the Farber Report. *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (citations omitted) (holding that the district court was not required to consider the plaintiff's attempt to address the governing law on reply because it forfeited the argument by failing to first raise it in its motion). As a result, Plaintiffs' belated attempt to address the *Pennypack* factors in their reply brief amounts to an exercise in futility.

6

Plaintiffs' motion seeks to strike portions of the Farber Report based on alleged violations of local rules that provide no remedy for noncompliance. While Plaintiffs cite to countless cases in support of the alleged noncompliance, they fail to offer any legal basis or test for the remedy being sought. Instead, Plaintiffs simply argue that a rule has been violated, and a sanction is warranted. Even when presented with the governing law, Plaintiffs reject the applicability of controlling Third Circuit precedent. Pls.' Reply at 2 ("*Pennypack* does not govern the Local Patent Rules"). Plaintiffs' attempt to prove this point by citing to case law that omit reference to *Pennypack* is akin to proving a negative. It is also not persuasive, since the Federal Circuit has repeatedly held that decisions to exclude evidence are reviewed under the law of the regional circuit. *See, e.g.*, *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1379 (Fed. Cir. 2010) (citations omitted) ("We review a district court's decision to exclude evidence . . . under the law of the pertinent regional circuit."); *see also Insite Vision Inc. v. Sandoz, Inc.*, 783 F.3d 853, 864–65 (Fed. Cir. 2015) (citation omitted) (noting that the "Third Circuit considers five *Pennypack* factors in determining whether a district court abused its discretion in excluding evidence," and affirming the district court's decision to exclude evidence based on an "assessment of the relevant *Pennypack* factors as being either neutral or favoring" its exclusion); *Astellas US LLC v. Hospira, Inc.*, No. 2022-1878, 2022 WL 17998229 (Fed. Cir. Dec. 30, 2022) (affirming the district court's decision to exclude an untimely produced infringement theory and strike related portions of expert evidence, based on an application of the *Pennypack* factors).

Thus, Plaintiffs have failed to address the requisite law governing their motion. This failure effectively handicapped Plaintiffs' ability to satisfy their burden of establishing that the exclusion of the challenged portions of the Farber Report is the most appropriate sanction. For these reasons, the Court will deny Plaintiffs' motion in its entirety.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **14th** day of **August**, **2025**, that Plaintiffs' motion to strike [ECF No. 160] is **DENIED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.